IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IRIS KITCHEN,

        Plaintiff,

vs.

DOUGLAS COUNTY PROBATE DIVISION, and CHRISTOPHER ODIGBO,

        Defendants.

8:21CV174

MEMORANDUM AND ORDER

This matter is before the Court on defendant Christopher Odigbo's motion strike, Filing No. 6, pursuant to Fed. R. Civ. P. 12(f); Odigbo's motion to dismiss for lack of subject matter jurisdiction, Filing No. 8; defendant Douglas County Probate Division's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) based on lack of jurisdiction and failure to state a claim, Filing No. 13; and Odigbo's motion to strike, Filing No. 16.[1]

**BACKGROUND**

Pro Se Plaintiff files her Complaint against Defendants Douglas County Probate Division, and Christopher Obigbo for bad faith, pain & suffering, emotional distress, professional negligence, breach of fiduciary duty, discrimination, fraud and breach of contract. She requests one billion dollars in damages. Plaintiff was involved in a guardianship case in Nebraska County Court. The Court appointed Mr. Odigbo to represent her. Plaintiff contends that Obigbo was not able to adequately represent her

---

[1] In view of the findings herein, the Court will deny this motion as moot.

1

as he did not have the ability to do so and had a conflict of interest with one of the agencies. Plaintiff argues that this discrimination was on the basis of race, sex, education, and lack of knowledge. In short, plaintiff alleges she was provided incompetent legal counsel. She contends that Douglas County fraudulently appointed Odigbo to represent her.

Plaintiff also filed suit in Douglas County Small Claims Court against Mr. Odigbo, for the same issues presented in this lawsuit, and she has filed numerous other cases as well.[2] She is now seeking to sue her former attorney again as well as the Douglas County Probate Court.

**STANDARD OF REVIEW**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability but asks for more than a sheer possibility that a defendant has acted

---

[2] *Iris Kitchen v. Christopher Odigbo*, SC 19-895, Douglas County Small Claims Court; *Iris Kitchen, et al. v. DSNO et al.*, 8:19 CV 107, 2019 U.S. Dist. LEXIS 209798 (D. Neb. Dec. 3, 2019*); Iris Kitchen v. DSNO et al.*, 2020 U.S. App. LEXIS 19818 (8th Cir. Neb., Jan. 22, 2020); *Iris Kitchen, et al. v. Angela Mitchell, et al.*, 8:20 CV 08, 2020 U.S. Dist. LEXIS 81177 (D. Neb., May 8, 2020); *Iris Kitchen v. DSNO et al.*, 2020 U.S. Dist. LEXIS 116646 (D. Neb., June 30, 2020).

unlawfully). The court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. Twombly, 550 U.S. at 558, 556. The evaluation prompted by a 12(b)(6) motion requires the court to construe the complaint in the light most favorable to the plaintiff and to accept as true the factual allegations of the complaint. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); see also Park Irmat Drug Corp. v. Express Scripts Holding Co., 911 F.3d 505, 512 (8th Cir. 2018). The Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. See Fed. R. Civ. P. 12(d). Matters outside the pleadings include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999). The Court may, however, "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011) (quoting Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010)).

**DISCUSSION**

*Motion to Strike California Law*

Odigbo first moves to strike any statements regarding California law set forth in both the Complaint, Filing No. 1, and the Amended Complaint, Filing No. 3. Odigbo states that all parties are residents of Nebraska and the cause of action took place in Nebraska. There is absolutely no connection to California or California law he argues. The plaintiff does not file any opposition to this motion. Under Rule 12(f) of the Federal Rules, a court may "strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike are not favored and are infrequently granted, because they are an "extreme measure" and propose a drastic remedy.  *Stanbury Law Firm, P.A. v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000).  An allegation is impertinent if it "consists of statements that do not pertain, and are not necessary, to the issues in question."  *Walker-Swinton v. Philander Smith Coll.*, 2021 WL 1227847 * 2 (E.D. Ark. Mar. 31, 2021) *quoting CitiMortgage, Inc. v. Just Mortgage, Inc.*, No. 4:09 CV 1909 DDN, 2013 WL 6538680, at *7 (E.D. Mo. Dec. 13, 2013).  After fully reviewing the record, the Court agrees that Nebraska law applies in this case, and there is no connection to the State of California.  Accordingly, the Court will grant the motion to strike all references to California and California law in the Complaint and Amended Complaint.

### *Lack of Jurisdiction*

Odigbo next moves to dismiss this case based on lack of subject matter jurisdiction, failure to file a claim upon which relief can be granted, and on the doctrine of abstention as this is a domestic relations[3] case.  First, Odigbo argues there is not complete diversity of citizenship, and thus diversity is not a basis for jurisdiction.  The Court agrees.  The parties are clearly Nebraska residents.  Further, the amount in controversy does not exceed $75,000.00.  See 28 U.S.C. § 1332.  The one billion requested by the plaintiff does not in any way coincide with plaintiff's loss of $3,000 in attorney fees as alleged by her.  Filing No. 3, Amended Complaint, ¶17.  The amount requested is not plausible and there is no foundation setting forth damages in any event. *See* 28 U.S.C. § 1915(e)(2)(B).  The court may "make reasonable deductions, reasonable

---

[3] Odigbo files all the relevant state court filings at Filing No. 8-1

inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the jurisdictional amount has been satisfied (quotations omitted). *Day v. Wal-Mart, Inc.*, 2020 WL 3260438 * 2 (W.D. Ark. June 16, 2020). Clearly, on the basis of this Amended Complaint, diversity does not exist and plaintiff has failed to plead legitimate damages in excess of $75,000.00.

In addition, there is no basis for a federal question claim pursuant to 28 U.S.C. § 1331. Plaintiff's amended complaint does not set forth a federal cause of action. The fact that she uses the words "race" and "sex" in her Amended Complaint are insufficient to set forth a claim. There is not a single allegation that would give rise to such an action. She mentions that she is black and Odigbo is black. Such a statement is not grounds for a race claim against anyone. It appears to the Court that these words are made solely for the purpose of jurisdiction, as there is nothing to substantiate any claim for sex or race discrimination. Accordingly, the Court finds there is no federal question jurisdiction here either.

Federal Courts rarely hear domestic relations cases. Those are the province of the state courts. This case clearly started with a guardianship case in probate court. The filing here has to do with appointment of an attorney, defendant Odigbo, to represent this plaintiff in that case. Federal courts will not hear such cases even if they arise in diversity because of "the virtually exclusive primacy ... of the States in the regulation of domestic relations. *Akenbrandt v. Richards*, 504 U.S. 689, 714 (1992). (Blackmun, J., concurring in judgment)." *United States v. Windsor*, 570 U.S. 744, 767 (2013). Further, under the *Rooker–Feldman* doctrine, federal courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Res Judicata likewise applies in this case. Plaintiff filed a claim against Odigbo in Douglas County Small Claims Court. Plaintiff failed to appear for the hearing. The parties were identical; there is a default final judgment against the plaintiff; and the transactional facts are virtually identical. *Ashton Optical Imports, Inc. v. Incite Int'l, Inc.*, 266 F. Supp. 2d 1027, 1031 (D. Neb. 2003) ("Under Nebraska law, collateral estoppel will preclude further litigation of a specific issue if (1) the identical issue was decided in a prior action; (2) there was a final judgment on the merits; (3) the party against whom the rule is to be applied was a party to, or is in privity with a party to, the prior action; and (4) there was an opportunity to fully and fairly litigate the issue in the prior action."); ("Under Nebraska law, res judicata bars re-litigation between parties or their privies of any rights, facts, or matters in issue directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered on the merits.") *Id.* at 1032.

In addition, plaintiff sues the Douglas County Probate Court which functions under the Douglas County Court. Judicial/Eleventh Amendment immunity applies, argues Douglas County, and plaintiff has made no showing that this Eleventh Amendment immunity has been waived. Again, the Court agrees. The Probate Court is entitled to assert judicial immunity. Plaintiff is upset with the appointment of Odigbo in the state court proceedings to represent her, arguing Odigbo has no expertise or experience in these kinds of cases. The Eighth Circuit Court of Appeals has adopted and follows this

6

doctrine of judicial immunity. *Smallwood v. United States*, 358 F. Supp. 398, 403 (E.D. Mo. 1973) citing *Brictson v. Woodrough*, 164 F. 2d 107, 109 (8th Cir. 1947) ("Resting on considerations of public policy to the end that the administration of justice may be independent and based on the free and unbiased convictions of the judge, uninfluenced by apprehension of personal consequences, it is a general rule that, where a judge has jurisdiction over the subject matter and the person, he is not liable civilly for acts done in the exercise of his judicial function, even though he acts erroneously, illegally, or irregularly, or even corruptly."). Judges and justices acting in their judicial capacities consistently have been held to be immune from suit under the Civil Rights Act. *Id.* They cannot be sued in federal court for their judicial function of appointing a lawyer for a case in state court. Likewise, quasi-judicial officers and officials of the judiciary are also entitled to immunity. *Id.* The Court need not address the remaining issues as to Douglas County Probate Division, as it is clearly immune from this suit.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's motion to strike, Filing No. 6, is granted.
2. Defendant's motion to dismiss, Filing No. 8, is granted.
3. Defendant's motion to dismiss, Filing No. 13, is granted.
4. Defendant's motion to strike, Filing No. 16, is denied as moot.
5. This case is dismissed. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 27th day of July, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

7